## DONALDSON v. TENNESSEE COAL, IRON & R. CO.

### Civil Action No. 5835.

District Court, N. D. Alabama, S. D.

Oct. 11, 1946.

John D. Hill, U. S. Atty., and Osce M. Bentley, Asst. U. S. Atty., both of Birmingham, Ala., for plaintiff.

Benners, Burr, Stokely & McKamy, and Andrew J. Thomas, all of Birmingham, Ala., for defendant.

LYNNE, District Judge.

This is a proceeding under the Selective Training and Service Act of 1940, as amended, and more particularly Section 8(e) thereof, 50 U.S.C.A.Appendix, § 301 et seq., and § 308(e).

On October 9, 1946, this cause came on to be tried by the Court without a jury, and from the evidence introduced by both the plaintiff and the defendant at said trial and the exhibits on file in said cause, the Court finds as follows:

### Findings of Fact.

1. The petitioner, Virgil E. Donaldson, entered the regular employment of the respondent at its plant at Ensley, Alabama, on April 11, 1941, and continued to be employed by respondent to October 29, 1943, at which time he left respondent's employment to volunteer for service in the military forces of the United States. That at the time he left respondent's employment as aforesaid to volunteer for service in the military forces of the United States, he was classified on the employment rolls of said company as a "Pipe Fitter Helper A" which position was not a temporary one and which position he left to enter the Armed Forces of the United States.

2. That at the time petitioner left the employ of the respondent, he notified respondent through the Assistant Superintendant of the department in which he was employed that he was leaving his employment to enter the Military Forces of the United States.

3. The petitioner was inducted into the United States Navy, a branch of the Military Forces of the United States, on November 29, 1943, through his local Draft Board, viz., Local Draft Board No. 3, Fairfield, Jefferson County, Alabama.

4. Petitioner satisfactorily completed his training and service in the United States Navy on December 17, 1945, and on that date received a certificate of Honorable Discharge from the United States Navy which evidenced satisfactory completion of his military service with the United States.

5. On February 19, 1946, and within 90 days after the date of his discharge from the United States Navy, petitioner made application to the respondent company for restoration and reinstatement to his former position.

6. At the time of said application for restoration and reinstatement as aforesaid petitioner was and is now qualified to perform the duties of said position.

7. The period of five days from February 19, 1946, to February 23, 1946, inclusive, was a reasonable time for the respondent to reinstate petitioner in his former position or a position of like seniority, status, and pay.

8. Respondent refused to reemploy and reinstate petitioner in the position of Pipe Fitter Helper A or a position of like seni-

682

ority, status, and pay, from February 25, 1946, to March 26, 1946, inclusive.

9. The rate of pay for the position of Pipe Fitter Helper A, to which petitioner was entitled to be restored, was 94¢ per hour from February 25, 1946, to March 26, 1946, inclusive.

10. Respondent's plant at Ensley, Alabama, operated continuously on a 40-hour week basis from February 25, 1946, to March 26, 1946, inclusive.

### Conclusions of Law.

1. The petitioner was lawfully entitled to be restored to his said former position of Pipe Fitter Helper A, or to a position of like seniority, status, and pay in the employ of respondent on February 25, 1946.

2. The petitioner is lawfully entitled to be compensated for his loss of wages for 22 working days of eight hours each, viz. from February 25, 1946, to March 26, 1946, inclusive, at the rate of 94¢ per hour, based on a forty hour week, or $165.44, less the legal deductions for State and Federal taxes.

A judgment will be rendered accordingly.

### Judgment.

1. It is, therefore, ordered, adjudged, and decreed by the Court that the respondent pay to petitioner compensation for his loss of wages in said position for 22 working days of eight hours each, viz., 176 hours from February 25, 1946, to March 26, 1946, inclusive, at the rate of 94¢ per hour, based on a 40-hour week, or $165.44, less the ordinary deductions for State Unemployment Compensation, Federal Social Security, and Federal Withholding Taxes. The court costs also are hereby taxed against the respondent.

2. That the respondent be and is hereby specifically directed, required and enjoined not to discharge the petitioner from such position of Pipe Fitter Helper A, without legal cause, within 52 weeks from February 25, 1946.

3. That jurisdiction of this case, for any further necessary proceedings, is retained until the respondent shall have complied with the requirements of paragraphs 1 and 2 of this judgment.